UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| TIMOTHY RAY LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-CV-154-WOB |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TERRY CARL, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Timothy Ray Little is an inmate presently confined in the Little Sandy Correctional Complex ("LSCC") located in Sandy Hook, Kentucky. Proceeding without an attorney, Little has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983 concerning certain events alleged to have transpired while he was confined at the Kenton County Detention Center ("KCDC") in Covington, Kentucky. Little has named as defendants Jailer Terry Carl, Deputy Jailer Kathy Boyle, Sgt. Bell, and Sgt. Landrum, each in their individual and official capacity. [R. 1] Little appears to claim that the defendants (1) violated his due process rights by removing him from his job at the jail; (2) retaliated against him for submitting grievances; and (3) failed to protect him from an assault by other inmates at the jail. He seeks compensatory damages of $250,000, punitive damages of $250,000, release on parole to obtain proper medical treatment, and his medical expenses.

The Court must conduct a preliminary review of Little's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against

government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Little's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Little's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**FACTUAL BACKGROUND**

Little's complaint concerns several different matters: being removed from a job in the jail laundry doing uniforms, his placement in a disciplinary cell, being injured in an assault by another inmate, filing grievances, and alleged retaliation by jail personnel for submitting grievances. [R. 1] Little claims that in early January 2013, Deputy Jailer Kathy Boyle removed him from his job in the jail's laundry and directed that he stay on his bunk. On January 9, 2013, Little states he filed a grievance against Deputy Boyle for removing him from his prison job and submitted a follow-up grievance against her on January 11, 2013. [R. 1, p. 4] Little filed another grievance on January 16, 2013, but later tore it up after talking to Sgt. Landrum, believing that the matter was settled. [R. 1, p. 6]

Shortly thereafter, Little states that Sgt. Bell placed him in a disciplinary cell where he remained for six weeks before being placed in Cell 152, which houses 16 inmates with the most severe charges and temperaments. Little claims that given the charges against him, he was

2

inappropriately placed in Cell 152, that such placement endangered his health and well-being, and that he voiced his concern over being there to Lt. Spang.[1] Subsequently, Little claims he was attacked by another inmate and sustained a black eye, a broken finger, and various cuts and bruises. [R. 1, pp. 6-7]

**DISCUSSION**

To assert a viable claim under § 1983, a plaintiff must establish that his constitutional rights were violated by one acting color of state law. Plaintiff does not specify which of his constitutional or statutory rights the defendants have allegedly violated. Liberally construing his complaint, it appears that plaintiff's claims are confined to claims arising solely under federal law and that plaintiff's complaint contains no state law claims.

**A. Claims Against Defendants in their Official Capacities**

As a matter of law, plaintiff's claims against the defendants in their official capacities are considered to be claims against the office they represent, *viz.*, KCDC, which is, in turn for all purposes Kenton County. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the office."). The Court, therefore, must determine "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the [municipality] is responsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992).

Supervisory liability under 42 U.S.C. § 1983 arises from the Supreme Court's opinion in *Rizzo v. Goode*, 423 U.S. 362 (1976). In *Rizzo*, the Court found that the mayor, city managing

---

[1] Lt. Spang is not named as a defendant.

director, and police commissioner were not liable for the constitutional violations by the city's police officers because "there was no affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by [the defendants]-express or otherwise-showing their authorization or approval of such misconduct." *Id*. at 371. The Court rejected the idea that supervisory liability under section 1983 could attach on the basis of *respondeat superior*, holding that the mere failure to act was not a sufficient basis for liability. Instead, officials should be personally liable in damages only for their own unconstitutional behavior.

Thus, "a local government cannot be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995)) ("[Section] 1983 liability cannot be premised on a theory of *respondeat superior*."). It is only when the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. In order to show a policy or custom, plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his] particular injury was incurred due to the execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (numbers in original) (citation omitted). Further, "a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law." *City*

of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)).

In the present case, plaintiff's claims against the defendants in their official capacities, recognized as claims against Kenton County, must fail as he has not identified a policy or custom which inflicted his injury and which would make these defendants responsible under § 1983. Little has not alleged that there exists any written law or express municipal policy of the Kenton County Fiscal Court or the existence of a widespread practice at the KCDC that ultimately caused his injury and which could subject the county to liability. In the absence of a municipal policy or custom directing the actions of the defendants, Kenton County cannot be held liable under 42 U.S.C. § 1983. Consequently, plaintiff's claims against the defendants in their official capacities will be dismissed for failure to state a claim for which relief can be granted.

**B.     Claims Against Defendants in their Individual Capacities**

    **1.     Jailer Terry Carl**

In the caption of his complaint, Little names Jailer Terry Carl as a defendant; however, he does not state what actions Jailer Carl took or identify any conduct by Jailer Carl that violated his constitutional rights. In fact, the narrative statement of Little's claim makes no reference whatsoever to Jailer Carl. It appears that Little named Jailer Carl as a defendant due to his supervisory position at the jail.

It is well settled that a supervisor is not liable under § 1983 solely because of his being in a supervisory position. In other words, being a supervisor does not automatically entail

5

liability § 1983; personal involvement of that supervisor is required. *See Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982) ("The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees."). A supervisor's liability must be premised upon direct or personal involvement in the conduct complained of. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). *See also Carrie v. Rios*, Civil Action No. 08-CV-13-KKC, 2008 WL 320329, at *2 (E.D. Ky. Feb. 4, 2008) (supervisor must "have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

While Little named Jailer Carl in the Complaint, he did not allege that Jailer Carl was directly involved in, encouraged, implicitly authorized, approved, knowingly acquiesced in, or in any way orchestrated the alleged unconstitutional conduct of any other jail employees. *Hays, supra*. Therefore, Little's complaint against Jailer Carl will be dismissed because Little has failed to state a claim against him for which relief can be granted.

### 2. **Defendants Kathy Boyle, Sgt. Bell, and Sgt. Landrum**

Having conducted the initial screening required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A, the Court concludes that the complaint warrants a response from the remaining defendants Boyle, Bell, and Landrum in their individual capacities. Because Little is proceeding *in forma pauperis*, the Clerk of the Court and the United States Marshal's Service ("USMS") will serve the defendants with a summons and a copy of the complaint and its attachments on Little's behalf. Fed. R. Civ. 4(c)(3); 28 U.S.C. § 1915(d).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The claims against Terry Carl, Jailer, Kenton County Detention Center, individually and in his official capacity, are **DISMISSED WITH PREJUDICE**, and Terry Carl is dismissed as a party to this action.

(2) Plaintiff's claims for monetary relief asserted against the remaining named defendants, Boyle, Bell, and Landrum, in their *official* capacities are **DISMISSED WITH PREJUDICE**.

(3) Plaintiff's claims against defendants Boyle, Bell, and Landrum in their individual capacities shall proceed.

(4) The Clerk shall prepare the documents necessary for service of process upon:

    a. Kathy Boyle, Deputy Jailer, Kenton County Detention Center;

    b. Sargeant Bell, Kenton County Detention Center; and

    c. Sargeant Landrum, Kenton County Detention Center.

(5) The Clerk shall prepare a "Service Packet" consisting of the following documents for service of process upon these defendants:

    a. a completed summons form;
    b. the Complaint [R. 1];
    c. this Order; and
    d. a completed USMS Form 285.

(6) The Clerk shall provide the Service Packet(s) to the USMS in Covington, Kentucky.

(7) Service of Process upon Defendants Kathy Boyle, Deputy Jailer, Kenton County Detention Center; Sargent Bell, Kenton County Detention Center; and, Sargeant Landrum, Kenton County Detention Center shall be conducted by the USMS in Covington, Kentucky, by serving

a Service Packet *personally* upon each of them, through arrangements with the Kenton County Detention Center.

    (8)    The plaintiff **SHALL**:

        a.    Immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case**.

        b.    Communicate with the court *solely* through notices or motions filed with the Clerk's Office. **The court will disregard correspondence sent directly to the judge's chambers.**

        c.    In every notice, motion, or paper filed with the court, certify in writing that he has mailed a copy to every defendant (or his or her attorney) and state the date of mailing. **The court will disregard any notice or motion which does not include this certification.**

This the 10th day of March, 2014.



**Signed By:**
*William O. Bertelsman* W.OB
**United States District Judge**